# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN SPECTER,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:10-cv-00485-HDM-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The filing fee has been paid. The pauper application therefore will be denied as moot.

Following initial review, it appears: (a) that the petition may be subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and (b) that the petition may be subject to dismissal without prejudice for lack of exhaustion because the sole ground in the petition is unexhausted. Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed as time-barred and/or for lack of exhaustion.

### *Background*

According to the petition, petitioner Justin Specter seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of attempt lewdness.

1   The Court takes judicial notice of the state court procedural history reflected in the
2 online docket records of the Eighth Judicial District Court for Clark County, State of Nevada,
3 for Case No. 08-C-244839.[1]
4   The original judgment of conviction was filed on November 25, 2008. On November
5 26, 2008, Specter filed a motion to reconsider sentence. The state district court granted the
6 motion in part and entered an amended judgment of conviction on January 6, 2009. Specter
7 did not appeal either the original or amended judgment of conviction. The time to appeal the
8 amended judgment of conviction expired on February 5, 2009.
9   More than one year later, on April 1, 2010, the state court clerk filed a motion to correct
10 an illegal sentence by petitioner. The state district court denied the motion on April 20, 2010,
11 and petitioner's notice of appeal was filed on May 3, 2010. The state court docket sheet does
12 not reflect that the appeal has been concluded with the issuance of a remittitur by the state
13 supreme court and transmittal of the remittitur to the state district court.
14   Petitioner mailed the present federal petition for filing on or about July 25, 2010.

15                                          ***Time Bar***

16   Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises
17 the question of whether the petition is time-barred for failure to file the federal petition within
18 the one-year limitation period established in 28 U.S.C. § 2244(d)(1).
19   Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless
20 otherwise tolled, begins running after "the date on which the judgment became final by the
21 conclusion of direct review or the expiration of the time for seeking such direct review." In the
22 present case, the Court will assume, *arguendo*, that the federal limitation period should begin
23 running in this case from the expiration of the time period for filing a direct appeal from the
24 amended judgment of conviction, *i.e.*, on February 5, 2009.[2]

25
26
27   [1] See https://www.clarkcountycourts.us/Anonymous/default.aspx.

28   [2] The reconsideration motion was pending from the day following the entry of the original judgment, so the analysis would not differ materially without the *arguendo* assumption, which is favorable to petitioner.

1   Accordingly, unless otherwise tolled, the time period for filing a federal petition in this
2   case expired on February 5, 2010, five months and twenty days prior to the mailing of the
3   federal petition for filing.
4   The motion to correct illegal sentence that was filed in the state district court on April
5   1, 2010, potentially would statutorily toll the running of the federal limitation period under 28
6   U.S.C. § 2244(d)(2). However, the federal limitation period, unless otherwise tolled, already
7   had expired prior to the filing of that motion.
8   The federal petition therefore is untimely unless the limitation period otherwise is tolled
9   or unless a different accrual date applies. Petitioner accordingly must show cause in writing
10  why the petition should not be dismissed with prejudice as time-barred.
11  In this regard, petitioner is informed that the one-year limitation period may be equitably
12  tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been
13  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'
14  and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085,
15  166 L.Ed.2d 924 (2007)(*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807,
16  1814, 161 L.Ed.2d 669 (2005)). Equitable tolling is "unavailable in most cases," *Miles v.*
17  *Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable
18  tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063,
19  1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).
20  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d
21  at 1065. He accordingly must demonstrate a causal relationship between the extraordinary
22  circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th
23  Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).
24  Petitioner further is informed that, under certain circumstances, the one-year limitation
25  period may begin running on a later date. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

### *Exhaustion*

27  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court
28  remedies on a claim before presenting that claim to the federal courts. To satisfy this

exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991). A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

In the present case, petitioner's claims have not been fairly presented to the Supreme Court of Nevada. Specter did not file a direct appeal from either the original or amended judgment of conviction, and he did not file a state post-conviction petition. His appeal from the denial of his motion to correct illegal sentence appears to still be pending.

Petitioner therefore must show cause in writing why the present petition, if *arguendo* timely in the first instance, should not be dismissed without prejudice because the federal petition is wholly unexhausted.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition should not be dismissed with prejudice as time-barred; and (b) why the petition, if *arguendo* timely in the first instance, should not be dismissed without prejudice for lack of complete exhaustion. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred. If petitioner responds to the order but fails to demonstrate that the petition is timely and exhausted, the petition will be dismissed either with prejudice as time-barred or without prejudice as unexhausted.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not made pursuant to

a declaration under penalty of perjury based upon personal knowledge or that are not supported by competent evidence filed by petitioner in the record in this Court.

IT FURTHER IS ORDERED that if petitioner claims tolling and/or exhaustion based upon filings in the state courts, none of which currently are on file in this matter, he shall file copies of same with his show cause response. Petitioner further shall attach copies of the state court written decisions regarding his conviction, as required by the instruction at the bottom of page 1 on the petition form.

IT FURTHER IS ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is DENIED as moot.

Petitioner's failure to comply fully and timely with any provision of this order will result in the dismissal of this action without further advance notice.

DATED: This 11th day of August, 2010.

_____
HOWARD D. MCKIBBEN
United States District Judge