# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN SPECTER,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:10-cv-00485-HDM-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether, *inter alia*, the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon the Court's earlier show cause order (#2) and petitioner's response (#3) thereto.

## *Background*

According to the petition, petitioner Justin Specter seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of attempt lewdness.[1]

The Court took judicial notice in the show cause order of the procedural history reflected in the online docket records of the Eighth Judicial District Court for Clark County, State of Nevada, for Case No. 08-C-244839, which has not been challenged by petitioner.[2]

////

---

[1] While petitioner alleges that he was convicted of attempt lewdness, it appears from the online state court docket sheet that petitioner was charged with multiple counts including attempt lewdness with a child under 14 years of age and that he was convicted on a plea apparently of such a charge.

[2] See https://www.clarkcountycourts.us/Anonymous/default.aspx.

The original judgment of conviction was filed on November 25, 2008. On November 26, 2008, Specter filed a motion to reconsider sentence. The state district court granted the motion in part and entered an amended judgment of conviction on January 6, 2009. Specter did not appeal either the original or amended judgment of conviction. The time to appeal the amended judgment of conviction expired on February 5, 2009.

More than one year later, on April 1, 2010, the state court clerk filed a motion to correct an illegal sentence by petitioner. The state district court denied the motion on April 20, 2010, and petitioner's notice of appeal was filed on May 3, 2010. The state court docket sheet does not reflect that the appeal has been concluded with the issuance of a remittitur by the state supreme court and transmittal of the remittitur to the state district court.

Petitioner mailed the present federal petition for filing on or about July 25, 2010.

## *Discussion*

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the Court has assumed, *arguendo*, that the federal limitation period should begin running in this case from the expiration of the time period for filing a direct appeal from the amended judgment of conviction, *i.e.*, on February 5, 2009.[3]

Accordingly, unless otherwise tolled, the time period for filing a federal petition in this case expired on February 5, 2010, five months and twenty days prior to the mailing of the federal petition for filing.

The motion to correct illegal sentence that was filed in the state district court on April 1, 2010, potentially would statutorily toll the running of the federal limitation period under 28 U.S.C. § 2244(d)(2). However, the federal limitation period, unless otherwise tolled, already had expired prior to the filing of that motion.

---

[3] The reconsideration motion was pending from the day following the entry of the original judgment, so the analysis would not differ materially without the *arguendo* assumption, which is favorable to petitioner.

The federal petition therefore is untimely on its face.

In the show cause response, petitioner asserts, *inter alia*:

> In March 2010, I took a closer look at the lewdness statute that I was charged with attempting to violate and discovered that the statute fails to prescribe conduct that constitutes the essential elements of the offense, as more fully explained in the petition. Based on this newly discovered statutory evidence, I am actually statutorily innocent and filed the instant petition . . . .

#3, a 2.

In the federal petition, Specter alleges that he determined in March 2010 that "none of my conduct, which consisted of asking someone to remove their clothing in my presence, is prohibited by the statutes." Petitioner contends that he was denied due process of law because the relevant state criminal statute is void for vagueness. #1-1, at 3.

Petitioner has failed to overcome the clear untimeliness of his federal petition. The Ninth Circuit recently joined the First, Fifth, Seventh, and Eighth Circuits in holding that there is no exception to the federal time-bar based upon alleged actual innocence. *See Lee v. Lampert*, 610 F.3d 1125 (2010), *petition for rehearing and rehearing en banc filed August 30, 2010.* Even if the Ninth Circuit were to rehear *Lee en banc*, which would vacate the panel opinion in that case pending *en banc* review, the petitioner in the present case in all events has failed to present a viable claim of actual innocence, where applicable, for overcoming a procedural bar. In order to satisfy the actual innocence gateway, the petitioner must demonstrate actual factual innocence, not mere legal insufficiency. *See,e.g., Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992). Accordingly, a challenge -- such as the one presented here – not to whether the underlying incident occurred but instead to whether the facts were legally sufficient to prove the offense fails to satisfy the requirements of the actual innocence gateway.[4]

---

[4] Moreover, given that petitioner was convicted based upon a plea, he would have to establish his actual factual innocence of all of the charges with which he originally was charged that were dismissed as a result of the plea bargain. *See Bousley v. United States*, 523 U.S. 614, 624, 118 S.Ct. 1604, 1612, 140 L.Ed.2d 828 (1998).

-3-

1 Petitioner's reference to "newly discovered statutory evidence" does not present a
2 basis for either statutory or equitable tolling. Tolling clearly is not available merely on the
3 premise that a habeas petitioner "newly discovered" a statutory legal argument during
4 research after the limitation period expired.

5 The federal petition thus is time-barred.[5]

6 ***Consideration of Possible Issuance of a Certificate of Appealability***

7 Under Rule 11 of the Rules Governing Section 2254 Cases, the district court must
8 issue or deny a certificate of appealability when it enters a final order adverse to the
9 petitioner. A district court order granting or denying a certificate of appealability does not
10 eliminate the requirement of filing a timely notice of appeal. A motion to reconsider the order
11 regarding a certificate of appealability does not extend the time to appeal.

12 As to claims rejected on procedural grounds, the petitioner must show: (1) that jurists
13 of reason would find it debatable whether the petition stated a valid claim of a denial of a
14 constitutional right; and (2) that jurists of reason would find it debatable whether the district
15 court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct.
16 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a
17 certificate of appealability, "a court may find that it can dispose of the application in a fair and
18 prompt manner if it proceeds first to resolve the issue whose answer is more apparent from
19 the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural
20 bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

21 / / / /

---

[5] The petition further is completely unexhausted, as outlined in the show cause order. #2, at 3-4. Petitioner urges that he has no available remedy in the state courts and that any procedural default of his claim is overcome by actual innocence. However, if petitioner, *arguendo*, did have a viable actual innocence gateway claim, such a claim would be considered by the Nevada state courts to overcome a state procedural default. *See, e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). If, as the Court holds herein, petitioner instead does not present a viable actual innocence gateway claim, his concession that his claims would be procedurally barred in the state courts would lead to the dismissal of his claims in federal court on the basis of procedural default.

1    For the reasons discussed above, jurists of reason would not find the dismissal of the
2 petition as untimely to be debatable or wrong.  Petitioner relies exclusively upon actual
3 innocence to overcome the untimeliness of the federal petition.  Under the panel decision in
4 *Lee, supra*, the actual innocence gateway is not available to overcome such untimeliness.
5 Further, even if the panel opinion in *Lee* were to be vacated by a grant of rehearing *en banc*,
6 petitioner in any event fails to present a viable actual innocence gateway claim, as he attacks
7 the legal sufficiency of the evidence on the offense to which he pled guilty rather than his
8 actual factual innocence.

9    IT THEREFORE IS ORDERED that Clerk shall file the petition and that the petition
10 shall be DISMISSED with prejudice as time-barred.

11    IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

12    IT FURTHER IS ORDERED that the Clerk shall electronically serve respondents with
13 a copy of the petition and this order by adding Catherine Cortez Masto as counsel of record
14 and forwarding the petition and this order by a notice of electronic filling.  **No response is**
15 **required from respondents other than to respond to any orders of a reviewing court in**
16 **this matter.**

17    The Clerk of Court shall enter final judgment accordingly, in favor of respondents and
18 against petitioner, dismissing this action with prejudice.

19        DATED: September 10, 2010.

                                     *Howard D. McKibben*
                                     _____
                                       HOWARD D. MCKIBBEN
                                       United States District Judge